```
         IN THE UNITED STATES DISTRICT COURT
              NORTHERN DISTRICT OF OHIO
                   EASTERN DISTRICT
```

TAMMY DECOSTA,              )
                            )
                            ) CASE NOS. 1:19-cv-01584
      Plaintiff,            )
                            )
                            ) JUDGE BENITA Y. PEARSON
                            )
vs.                         ) **PLAINTIFF'S MOTION TO COMPEL**
                            ) **COMPLIANCE WITH SUBPOENA**
CUYAHOGA COUNTY, OHIO et a. )
                            )
                            )
      Defendants.           )
                            )

Now comes Plaintiff Tammy Decosta ("Plaintiff"), pursuant to Fed.Civ.R. 45(d)(2)(B), and hereby respectfully move this Court to compel Gary Brack ("Brack") to comply with the subpoena served on Brack (the "Brack Subpoena").[1]

A. **Procedural History.**

The Brack Subpoena was served on Brack on or about January 3, 2020. Counsel for Brack responded to the subpoena on January 21, 2020 by indicating that they would *unconditionally* produce Brack for deposition on February 3, 2020 (see attached Exhibit A- January 21, 2020 letter from Chandra Law Firm). The undersigned counsel

---

[1] A copy of the Brack Subpoena was attached to the Notice of Service of Subpoenas filed with this Court on January 9, 2020 [doc # 18].

responded to that agreement by email dated January 21, 2020 indicating that the undersigned was only looking currently for documents, and that no personal appearance was necessary (see attached <u>Exhibit B</u> - January 21, 2020 email from the undersigned).

On January 24, 2020 counsel for Brack changed their minds and indicated that they were producing no documents under the following premises:

    A.    The Brack Subpoena was overly broad and unduly burdensome;

    B.    The Brack Subpoena invaded the attorney client privilege;

    C.    The Brack Subpoena invaded the work product doctrine; and

    D.    Plaintiff had the ability to obtain the sought-after documents through other means.

That January 24, 2020 letter also invited Plaintiff to "narrow the scope" of the subpoena to get Brack to comply. See attached <u>Exhibit C</u> - January 24, 2020 letter from the Chandra Law Firm). Absolutely no documents were produced whatsoever, and counsel for Brack did not discuss creating a privilege log relative to any of the claims of privilege.

By email dated January 24, 2020 the undersigned counsel responded to the January 24, 2020 letter from the Chandra law Firm. A copy of that January 24, 2020 email is attached hereto and made a part hereof as <u>Exhibit D</u>. The following is a re-print of the contents of that email correspondence:

Ms. Sletvold:

This is an attempt to resolve a discovery dispute. I will address the contents of your letter as follows:

1. "**The duces tecum is overly broad, subjects Mr. Brack to undue burden and expense**"
   How can there be any burden or expense? I have read the Brack complaint and its reference to numerous documents. Further, I have seen a number of press release and other PR postings made by you and your firm about the goods that you already possess. In that regard, I am not asking you to obtain what you already appear to have in your organized possession.

2. "**potentially seeks to invade the attorney-client privilege and attorney work-product protection including as to trial-preparation materials**"
   I am not looking for any work product or privileged materials from your client. What he possesses (whether it has been obtained through public records or other litigation-based discovery methods) is not privileged. I am not looking for any notes made by your firm while preparing the case or any communications your client has had with you or your firm. In the event that you still believe there is any good faith basis for either a work product or attorney-client privilege, please make the proper privilege log and be ready to produce the documents for an in-camera inspection by the Court. You cannot banketly claim that some documents might be covered by a claimed privilege, and then use that claim to produce no documents.

3. "**Documents regarding Mr. Brack's work at the Cuyahoga County Corrections Center are available from Cuyahoga County and MetroHealth as public records under Ohio Rev. Code § 149.43.**" and ""**Such records are also available through discovery from one or more parties in the *Decosta* matter.**"
   There is no basis under the Federal Civil Rules to claim that documents your client has can ALSO be obtained pursuant to a public records request or in another discovery method. There is no case law I can locate that supports this position. If you client has the

documents (regardless of how he got them) he has to produce them pursuant to our subpoena.

4. **"Whose own federal lawsuit is stayed while criminal proceedings progress against Kenneth Mills"**
The fact that your case is stayed (for any reason) is also not a legal basis for your client to refuse to produce documents.

Based on all of the foregoing, we are not in a position to withdraw the subpoena or narrow the scope. I am willing to extend a reasonable extension of time for your client to produce the documents.

Thanks.

*Michael J. O'Shea, Esq.*
*Lipson O'Shea Legal Group*
Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011 - office
(216) 470-8098 - cell
(440) 331-5401 - fax
michael@lipsonoshea.com
www.lipsonoshea.com

No documents were produced by Brack on February 3, 2020. Instead, the undersigned received another letter from counsel for Brack incorporating the same objections set forth in the January 24, 2020 letter from Brack's counsel.  A copy of that February 4,

4

2020 letter from the Chandra Law Firm is attached hereto and made a part hereof as <u>Exhibit E</u>. No documents were produced with that letter, and no privilege log was produced with that letter.

Further, for any relevance and context on this issue, attached hereto and made a part hereof as <u>Exhibit F</u> is the long public relations blog posts by counsel for Brack (along with video press releases). These are important because Brack and his counsel claim to have the esteemed documents at issue here - all the while claiming that the documents are protected by the attorney client privilege and work product protection. These are obviously documents that Brack would have to disclose in discovery to the defendants in Brack's lawsuit against the County and others. So how can he claim here that there are privilege and work product objections?

**B.** <u>**Law**</u>**.**

If documents sought by subpoena duces tecum are relevant and are sought for good cause, then the subpoena should be enforced unless documents are privileged or the subpoena is unreasonable, oppressive, annoying, or embarrassing. See <u>Bariteau v. Krane</u>, 206 F.R.D. 129 (W.D. Ky. 2001).

Further, as it relates to claims by a subpoenaed party that production of documents pursuant to a subpoena is overly broad and unduly burdensome, ***that party*** has ***the burden*** to prove to the trial

5

court that the claim is correct. See <u>Am. Fed'n of Musicians of the United States & Can. v. Skodam Films, LLC</u>, 313 F.R.D. 39 (NDTex 2015 – in citing to <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 392 F.3d 812 [2004]) wherein the Court stated:

> "Where a subpoenaed party asserts undue burden, that party "has the burden of proof to demonstrate 'that compliance with the subpoena would be unreasonable and oppressive.'" <u>Wiwa</u>, 392 F.3d at 818 (quoting <u>Williams v. City of Dallas</u>, 178 F.R.D. 103, 109 (N.D. Tex. 1998)) (internal quotation marks omitted). The party opposing discovery must show how the requested discovery was overly broad, burdensome, or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. See <u>S.E.C. v. Brady</u>, 238 F.R.D. 429, 437-38 (N.D. Tex. 2006); <u>Merrill v. Waffle House, Inc.</u>, 227 F.R.D. 475, 477 (N.D. Tex. 2005). "Whether a burdensome subpoena is reasonable must be determined according to the facts of the case, such as the party's need for the documents and the nature and importance of the litigation." <u>Wiwa</u>, 392 F.3d at 818 (internal quotation marks and footnote omitted). "To determine whether the subpoena presents an undue burden, [the Court] consider[s] the following factors: (1) relevance of the information requested; (2) the need of the party for the documents; (3) the breadth of the document request; (4) the time period covered by the request; (5) the particularity with which the party describes the requested documents; and (6) the burden imposed." Id. (footnote omitted). "Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party." Id. (footnote omitted)."

See also <u>Meyer v. Del. Valley Lift Truck, Inc.</u>, 2019 U.S. Dist. LEXIS 111964 (EDPenn 2019); <u>Evans v. Walgreen Co.</u>, 2011 U.S. Dist. LEXIS 166216 (WDTenn 2011 – citing <u>Wiwa</u>, <u>supra</u>); and <u>United States v. Brownfield</u>, 2010 U.S. Dist. LEXIS 127424 (WDKY 2010 – citing <u>Wiwa</u>, <u>supra</u>).

Further still, as set forth in <u>Allied World Assur. Co. (U.S.) v. Lincoln Gen. Ins. Co.</u>, 280 F.R.D. 197 (2012) as to claims of privilege:

> "Federal Rule of Civil Procedure 45(d)(2)(A) provides that when a party withholds otherwise discoverable subpoenaed information by claiming the informing is privileged, the party must expressly make the claim and describe the nature of the documents not produced and do so in a manner that, "without revealing information itself privileged or protected, will enable the parties to assess the claim." Fed. R. Civ. P. 45 (d)(2)(A); see also Fed. R. Civ. P. 26(b)(5)(A) (same, in relation to discovery generally). Further, Rule 34(b) provides that "***[a]n objection to part of a request must specify the part and permit inspection of the rest***." Fed. R. Civ. P. 34(b)(2)(C). Lincoln's argument is, in essence, that they were relieved of their duty to comply with these rules based on Allied World's belief that no privileged documents were being requested in the first place. However, Lincoln nevertheless concluded that privileged information was requested, and withheld documents or information based upon that conclusion. After reviewing Allied World's letter, the court finds the statement that "***no log is necessary***" is merely Allied World's position based upon its belief that no privileged documents are sought. Such a statement is not indicative of an "understanding" between the parties that would relieve Lincoln of its obligation to ***provide a privilege log***. In fact, Lincoln obviously disagrees with Allied World's position. Thus, Lincoln is required to satisfy its obligations under Federal Rules of Civil Procedure 26 and 45. Accordingly, if Lincoln maintains that certain documents are subject to a privilege, Lincoln shall provide Allied World with a privilege log ***identifying each document in sufficient detail to permit opposing counsel and, if necessary, the court, to assess the applicability of the claimed privilege***."

Further, some Courts have held that failure to produce documents and, to the extent that there are privilege issues, a privilege log constitutes a waiver of any objections. See <u>In re Chevron Corp.</u>, 749 F. Supp. 2d 170 (SDNY 2010).

7

**C.     Applying the Procedural History to the Law.**

Brack has not placed any identifiable or objective criteria in his objections to allow Plaintiff or this Court to evaluate the merit of any of the asserted objections. None.  Further, Brack has failed to produce a ***single piece*** of paper on the unsupported claim that ***perhaps some*** of the subpoenaed documents ***may*** (1) create a undue (or any) burden or are overly broad or (2) contain attorney-client or work product materials.  Lastly, Brack simply refuses to produce any objection or privilege log to permit this Court or the Plaintiff to review the credibility of his objections.

**D.     Conclusion.**

For all of the foregoing reasons, Plaintiff respectfully moves this Court to issue an order providing for the following:

1.  An order compelling Brack to provide all non-privileged documents immediately;

2.  An Order requiring Brack to present to the Plaintiff and this Court a cogent privilege log which sufficiently identifies the documents being withheld and the spcecific basis for any privilege; and

3.  An order requiring Brack to produce documents Brack in good faith believes are privileged or protected to this Court for an in-camera inspection on the issue of privilege.

Respectfully submitted;

LIPSON O'SHEA LEGAL GROUP


*/s/ Michael J. O'Shea*
Michael J. O'Shea, Esq.(0039330)
michael@lipsonoshea.com
The Hoyt Block Building - Suite 110
700 West St. Clair Avenue
Cleveland, Ohio 44113
(216) 241-0011
(440) 331-5401 - fax
**Attorney for Plaintiff**
**Tammy Decosta**


## PROOF OF SERVICE

I hereby certify that a true copy of the foregoing has been filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic record. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic system.

Further, on February 5, 2020, the undersigned has also served a copy of this motion upon counsel for Gary Brack at:

Ashlie Case Sletvold, Esq.
ashlie.sletvold@chandralaw.com
The Chandra Law Firm LLC
The Chandra Law Building
1265 W. 6th Street, Suite 400
Cleveland, OH 44113-1326
216.578.1800 (fax


*S/Michael J. O'Shea*
Michael J. O'Shea