

THE CHANDRA LAW BUILDING
1265 W. 6TH STREET, SUITE 400
CLEVELAND, OH 44113.1326
216.578.1700 OFFICE
216.578.1800 FAX
WWW.CHANDRALAW.COM

**PLAINTIFF'S EXHIBIT E**

February 4, 2020

*Via e-mail to michael@moshea.com*

Michael O'Shea
Lipson & O'Shea Legal Group
700 West Saint Clair Avenue, Suite 110
Cleveland, OH 44113

Re: Subpoena to Gary Brack, R.N. in *Decosta v. Cuyahoga County, et al.*, N.D. Ohio Case No. 1:19-cv-1584

Dear Mr. O'Shea:

This will respond to your email of January 24, 2020 and reiterate Mr. Brack's formal objections to the subpoena duces tecum under Fed. R. Civ. P. 45(d)(2).

Mr. Brack cannot comply with the subpoena as written because it (1) imposes undue burden and expense, (2) requests attorney-work-product and privileged documents and information, and (3) seeks documents not in his possession, custody, or control.

### (1) The subpoena imposes undue burden and expense.

The subpoena subjects Mr. Brack to undue burden and expense because all documents related to his work at the Cuyahoga County Corrections Center are readily available from a party to the *Decosta* lawsuit: Defendant Cuyahoga County. Federal courts, including the Sixth Circuit, routinely construe the requirements of Fed. R. Civ. P. 45 to hold that third-party subpoenas impose undue burden when the documents may be requested through regular discovery—and they refuse to enforce these subpoenas.[1] Because your client can obtain documents concerning Mr. Brack's work at the jail by propounding requests to Defendant Cuyahoga County under Fed. R. Civ. P. 34, the subpoena to Mr. Brack is unnecessary and unduly burdensome.



---

[1] *See In re: Modern Plastics Corp.*, 890 F. 3d 244, 251 (6th Cir. 2018) (affirming sanctions for party who failed to take reasonable steps to avoid imposing undue burden on non-party served with subpoena duces tecum); *Hale v. Bunce*, No. 1:16-cv-02967, 2017 WL 10978857 (N.D. Ohio Dec. 15, 2017) (denying a motion to compel non-party to comply with subpoena duces tecum when moving party had not requested documents—nor sought to compel production—from other party to lawsuit); *Musarra v. Digital Dish, Inc.*, No. 2:05-cv-545, 2008 WL 4758699 (S.D. Ohio Oct. 30, 2008) (denying a motion to compel non-party to comply with subpoena duces tecum when documents were available from party to lawsuit); *In re CareSource Management Group Co. v. Health Management Systems, Inc.*, 289 F.R.D. 251 (S.D. Ohio Jan. 3, 2013) (granting motion to quash subpoena duces tecum to non-party when requesting party failed to establish that it could not obtain documents from other party to lawsuit); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F. 2d 975, 978 (Fed. Cir. 1993) (affirming denial of motion to compel non-party to comply with subpoena duces tecum when moving party failed to request documents from other party to lawsuit).

The subpoena also imposes undue burden upon Mr. Brack because these documents are available from Defendant Cuyahoga County or MetroHealth as public records under Ohio Rev. Code § 149.43. Taking "reasonable steps" to avoid burdening Mr. Brack includes pursuing documents through this avenue before seeking them from Mr. Brack.

**(2) The subpoena requests privileged documents and information.**

The subpoena further contravenes Fed. R. Civ. P. 45 because it requests documents and information protected by the attorney work-product doctrine. By asking for "all the records and/or documents that prove the allegations set forth in *Brack v. Budish, et al.*," the subpoena's sole criterion requires revealing counsel's mental impressions. The work-product doctrine shields attorneys' thought processes and decisions about which documents support their legal theories. As the Sixth Circuit explained in *Alomari v. Ohio Department of Public Safety*,[2] "In cases that involve reams of documents and extensive document discovery, the selection and compilation of documents is often more crucial than legal research."[3] Federal courts recognize that this process of selecting and compiling documents exposes attorneys' legal theories and mental impressions, which are work product.[4] As written, the subpoena precludes Mr. Brack from producing documents because any responsive documents would disclose privileged attorney work product.

Similarly, the wording of the subpoena prevents Mr. Brack's attorneys from providing a privilege log with these objections. Even without producing documents, a list of documents selected and compiled would divulge the very information protected by the privilege: the identity or substance of documents counsel deem relevant. Further, producing such a log would burden Mr. Brack with substantial attorneys' fees.

The undue burden created by this subpoena is exacerbated by the prejudice it would cause to Mr. Brack—whose own federal lawsuit is stayed—if his attorneys' privileged legal theories were made publicly available.

**(3) The subpoena requests documents outside Mr. Brack's possession, custody, or control.**

The subpoena's reach extends to documents requested, selected, and compiled by Mr. Brack's counsel not just in his own pending matter but also in other lawsuits, which are also attorney work product. But even if they were not protected, these documents are not within Mr. Brack's "possession, custody, or control," as required by Fed. R. Civ. P. 45(a)(1), so he cannot produce them.

Based on your email's reference to our firm's press releases, the subpoena also appears to seek disclosure of Mr. Brack's *counsel's* files for Mr. Brack's case and other client's cases. Again, these documents are privileged and not in *Mr. Brack's* possession, custody, or control. Neither Fed. R. Civ. P. 45 nor any other legal authority allows an attorney to conduct a fishing expedition into another attorney's case files by issuing a subpoena to one of that lawyer's clients. Also, our firm— and not Mr. Brack or any other client—is solely responsible for the content of its website.

In an effort to cooperate, Mr. Brack will respond to a subpoena that identifies the requested documents with reasonable particularity—and on some basis that does not require disclosure of

---

[2] 626 Fed. Appx. 558, 574 (6th Cir. Sep. 9, 2015).
[3] *Id.* (citation omitted).
[4] *Shelton*, 805 F. 2d at 1329. *See also In re Grand Jury Subpoenas Dated March 19, 2002 and August 2, 2002*, 318 F. 3d 379 (2d Cir. 2003); *Sporck v. Peil*, 759 F. 2d 312 (3d Cir. 1985); *Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.*, 233 F.R.D. 678 (M.D. Fla. 2006).

his attorneys' mental impressions or demand access to another firm client's file. For your convenience, we attach a copy of Mr. Brack's filed complaint, which attaches several key documents as exhibits. The complaint and its exhibits are publicly available on the online docket for the Cuyahoga County Court of Common Pleas as well as on the federal Pacer system.

While our firm is willing to cooperate with other attorneys working to bend the arc of the moral universe toward justice for those subjected to Cuyahoga County jail abuses, we cannot submit to the type of work-product poaching your subpoena represents. No other lawyer representing jail victims has attempted to obtain our work product via subpoena, as opposed to just picking up the telephone and seeing how we might help.

One way to piggyback on our efforts would be to ask the Defendant County to provide any public-records request our firm has submitted on behalf of Mr. Brack or another client—along with the Defendant County's response to each request—either in discovery or through your own public-records request. You could also ask the Defendant County to provide its responses to our discovery requests in other jail-abuse cases such as *Lawrence v. Cuyahoga County, et al.*, N.D. Ohio Case No. 1:19-cv-2411. We have also found that closely monitoring the docket in the pending criminal matters against Kenneth Mills, Douglas Dykes, and Emily McNeely is a useful exercise to identify evidence for these jail civil-rights cases.[5]

None of these routes would burden Mr. Brack, though all would likely yield helpful information for your client's matter.

If you would like to discuss, you can reach me at the number above or on my cell at (216) 225-1018.

Very truly yours,

Ashlie Case Sletvold

Cc: Kenneth M. Rock (krock@prosecutor.cuyahogacounty.us)
Marc W. Groedel (mgroedel@reminger.com)

Enclosure

---

[5] For example, last month the State of Ohio filed a notice of intent to introduce other-acts evidence against Mr. Dykes in his theft-in-office matter, to which the State attached an April 18, 2018 email from then-budget director Maggie Keenan to County Executive Budish and others sounding the alarm on the dangerous nursing shortage in the jail. In a July 16, 2019 public-records request, Mr. Brack asked for Budish-Keenan emails about the jail and four times the County denied that any such emails existed. Even after Mr. Brack filed a mandamus action with the Supreme Court of Ohio, *State ex rel. Brack v. Budish*, Case No. 2020-0050, the County still has not provided the April 18, 2018 email or other responsive public records to Mr. Brack. It was our close monitoring of the pending criminal actions against Budish-administration officials that alerted us to Ms. Keenan's message. You may wish to ask the Defendant County to provide a copy of that email to your client.